IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOMINGO TURRO, #591489,** | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0473-M |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction from Tarrant County, Texas.[1] He was recently granted leave to proceed *in forma pauperis*. See Order filed September 9, 2005.

28 U.S.C. § 2241(d), which governs federal habeas corpus jurisdiction, provides in pertinent part as follows:

Where an application for a writ of habeas corpus is made by a person in custody

---

[1] In the petition for writ of habeas corpus filed on March 7, 2005, Petitioner alleged he was convicted in Dallas County, Texas. The amended petition and appendix, filed on April 7, 2005, confirm that Petitioner was convicted of murder in Tarrant County, Texas, in cause number 0310696-A.

> under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d); *accord* Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir.1991).

Petitioner was convicted and sentenced in Tarrant County, which is located in the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2). He is currently incarcerated at the Huntsville, Unit of the Texas Department of Criminal Justice--Correctional Institutions Division in Huntsville, Texas.

For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought. See 28 U.S.C. § 1404. If there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced. See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal.1968) (noting that the legislative history of § 2241(d) counsels this result).

Because the conviction at issue in this case arose in the Fort Worth Division of the Northern District of Texas, the Court finds that this case should be transferred to that division for further proceedings.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court transfer this habeas corpus action to the Fort Worth Division of the Northern District of Texas for further proceedings.

A copy of this recommendation will be mailed to Petitioner.

Signed October 24, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.